SUGG, Justice:
ON MOTION TO DISMISS
Joyce S. House, appellant, was appointed administratrix cum testamento annexo of the last will and testament of Evielena C. Boyd, deceased. The heirs at law of the testatrix filed a petition for appointment of a coadministrator and for construction of item V of the will of the testatrix which reads as follows:
The rest, residue and remainder of my Estate, real, personal and mixed of whatsoever kind and nature, and whatsoever situated, of which I shall die, seized or possess, I do hereby give, devise and bequeath unto my niece, Joyce S. House and her husband, William L. House.
The chancellor rendered his opinion on March 1, 1971 and signed a decree on March 5, 1971 which was filed on March 6, 1971. The chancellor held that since William L. House died on September 28, 1970, which was before the death of the testatrix on December 7, 1970, the devise to William L. House lapsed and the property devised thereunder became intestate property and as such descended to the heirs at law of the testatrix.
On March 8, 1971, appellant, both in her fiduciary and her individual capacity, gave notice to the court reporter to transcribe her notes and in the notice designated the portion of the record that should be contained in the appeal record. Appellant filed her appeal bond in her individual capacity on June 29, 1971, and appellees made a motion to strike a portion of the record and to dismiss the appeal of Mrs. Joyce S. House, both in her fiduciary and individual capacity.
Appellant contends that she was entitled to appeal from the decree as administratrix C.T.A. under the provisions of section 1209 of the Mississippi Code of 1942 Annotated (1956) which provides as follows:
Executors, administrators, and guardians, except those who have not given bonds as such, may appeal from any judgment, decree, or order affecting them in their fiduciary character, and shall have a supersedeas on such appeal, *906 without bonds for costs or for superse-deas ; but in appeals to the Supreme Court they may be required to prepay the clerk for the transcript of record. (Emphasis supplied).
In order for an executor, administrator or guardian to appeal in their fiduciary capacity under the provisions of section 1209, supra, the judgment decree or order appealed from must affect them in their fiduciary character. This requirement of the code is in accord with the general law that executors and administrators may not appeal where the judgment appealed from affects only the rights of beneficiaries among themselves. The reason for the rule is that an executor cannot litigate the claims of one set of legatees against the others at the expense of the estate. 4 Am.Jur.2d Appeal and Error sections 215 and 216 (1962).
A further statement of the general rule is contained in 4A C.J.S. Appeal and Error § 514 (1957) which states:
[B]ut to entitle an executor or administrator to appeal without bond or undertaking, the judgment, order, or decree must be against him in his representative capacity and the appeal must be taken in that capacity and in the interest of the estate. (4A C.J.S. at 216-217).
The decree appealed from adjudicated the rights of the litigants among themselves and was not against the appellant in her representative capacity; therefore, appellant was not entitled to appeal under section 1209, supra.
Appellant filed a bond as required by section 1162 of the Mississippi Code of 1942 Annotated (1957) in her individual capacity more than 90 days next after the rendition of the decree appealed from, and under the provisions of section 753 of the Mississippi Code of 1942 Annotated (1956) this failure to perfect her appeal by filing a bond within the time required by statute requires a dismissal of the appeal.
Assuming, arguendo, that appellant was entitled to appeal in her representative capacity, this fact would not relieve her from the necessity of filing a proper bond in her individual capacity. In 4A C.J.S. Appeal and Error § 513 (1957), the general rule is stated as follows:
The fact that one of two defendants who jointly give notice of their appeals is not required to give an appeal bond does not relieve the other from the necessity of filing a proper bond, and hence the appeal of such defendant without bond must be dismissed. (4A C.J.S. at 214).
After the rendition of the decree appealed from, a petition was filed to remove the administratrix C.T.A., and by decree dated May 12, 1971, the chancery court refused to remove the administratrix and held that appellant was entitled to appeal as an individual, but not as administratrix of the estate because she had no interest as a fiduciary in the outcome of the litigation. While this question was not properly before the court below, it clearly put appellant on notice that she was required to comply with the provisions of sections 753 and 1162, supra, with reference to perfecting her appeal from the decree of March 5, 1971. It is here noted that sufficient time then remained for appellant to perfect her appeal.
Appellant argues that although the decree appealed from was filed on March 6, 1971, since the opinion of the chancellor with reference to this decree was not filed until June 20, 1971, she was entitled to ninety days from the date of the filing of the opinion in which to appeal. We find no merit in this contention because the statute provides that appeals to the Supreme Court shall be taken within ninety days next after rendition of the decree complained of, and not after.
Since the appellant was not entitled to appeal in her fiduciary capacity, and since *907 she did not file a bond in her individual capacity within the time prescribed by statute, the motion to dismiss the appeal is sustained.
Motion of appellees to dismiss appeal sustained.
All Justices concur.